**Entered on Docket
June 03, 2010**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: June 02, 2010**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____



# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 09-31130 TEC |
| ONE VISION PARK, INC., | ) Chapter 11 |
| Debtor. | ) |

### MEMORANDUM DECISION RE DEBTOR'S MOTION TO USE ESTATE FUNDS TO COMPENSATE MICHAEL BOHANNON AS CLAIMS REVIEWER

On May 21, 2010, the court held a hearing on Debtor's motion to use estate funds to compensate Michael Bohannon as claims reviewer (the Motion). Peter W. Ito appeared for Debtor. Christopher Kuhner appeared for the Unsecured Creditors Committee. John Elstead appeared for Michael Ohayon. Upon due consideration, the court hereby grants the Motion. This memorandum decision shall constitute the court's findings of facts and conclusions of law.

**FACTS**

On May 29, 2009, the United States Trustee appointed David Bohannon, Dean Delis, and five other holders of prepetition claims to the Official Committee of Unsecured Creditors.

MEMO RE BOHANNON MOTION

-1-

On August 27, 2009, MD Mortgage Direct filed claim nos. 25 and 26 against the estate (collectively, the MD Direct Claims). Claim no. 25 is an unsecured claim in the sum of $177,000. Claim no. 26 is an unsecured claim in the sum of $300,000. MD Mortgage Direct is a California corporation of which Dean Delis is president, secretary, and sole shareholder.

On November 9, 2009, the court signed an order denying Debtor's motion to employ Steve Jaca and Mr. Delis as claims reviewers under section 327, but authorizing Debtor to use estate funds, pursuant to section 363, to pay Mr. Delis and Mr. Jaca to assist Debtor in its review of claims.

In the present Motion, Debtor seeks authority, under section 363(b) to pay Mr. Bohannon $150 per hour for his services in reviewing the MD Direct Claims. Debtor seeks to employ Mr. Bohannon to review those claims to avoid any conflict of interest in having Mr. Delis review the MD Direct Claims, and because Debtor believes Mr. Bohannon is a neutral, impartial third party. In support of the Motion, Mr. Bohannon filed a declaration stating that he has information essential to Debtor's review and analysis of the MD Direct Claims.

Debtor does not seek to employ Mr. Bohannon as a professional pursuant to section 327.

Michael Ohayon filed opposition to the Motion, arguing that Mr. Bohannon should not be employed to review the MD Direct Claims, because Mr. Bohannon is not disinterested, and because he has no special knowledge that would assist Debtor in reviewing the MD Direct Claims.

## LAW

Section 363(b) provides that a bankruptcy court may authorize a debtor to "use . . ., other than in the ordinary course of business, property of the estate." A debtor who wants to use funds from the estate for a transaction outside the ordinary course of business must obtain advance approval from the bankruptcy court. E.g., In re 240 North Brand Partners, Ltd., 200 B.R. 653, 659 (9th Cir. BAP 1996). The bankruptcy court must find a valid business justification for the expenditure. Id.

The court determines that Debtor and the Committee have a valid business reason for using estate funds to pay Mr. Bohannon to review the MD Direct Claims, because Mr. Bohannon is a neutral third party who has essential information to Debtor's review and analysis of the those claims, and because the claims-review service Mr. Bohannon is providing is not a service typically performed by a member of a creditors' committee. Thus, it is appropriate to allow Debtor to pay Mr. Bohannon for performing this service.

Allowing Debtor to use estate funds to compensate Mr. Bohannon at a rate of $150 per hour for his review of the MD Direct Claims satisfies an important bankruptcy policy of minimizing costs of administration, because $150 per hour is significantly less than the hourly rate that would otherwise be charged for those services by counsel for Debtor, the Committee, or their paralegals. See In re Jenkins, 188 B.R. 416, 420 (9th Cir. BAP 1995). Equally important, Debtor is seeking prior authority to expend the funds, thus enabling the court to police the use of estate funds for services performed for the estate.

Mr. Bohannon need not be disinterested to be compensated for his services under section 363, because Mr. Bohannon is not a

professional.  The functions he will be performing for the estate are reviewing the documentation supporting the MD Direct Claims and perhaps asking MD Mortgage Direct to reduce its claims.  Mr. Bohannon does not have any final settlement authority with respect to the claims.  It is the professionals employed by the Debtor and the Committee who will recommend to Debtor and the Committee what course to take regarding the MD Direct Claims.

The use of estate funds to compensate Mr. Bohannon for the services in question is not inconsistent with section 503(b)(3), which provides that members of a committee may be paid their expenses but no compensation, because the services in question go well beyond the services typically performed by members of a creditors committee.  E.g., <u>U.S. Trustee v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)</u>, 2003 WL 21738964 (S.D.N.Y. 2003).

For the reasons set forth above, the court determines that Debtor has a valid business reason for paying Mr. Bohannon for his services with respect to the MD Direct Claims, and that Debtor may use estate funds to pay Mr. Bohannon compensation for his services at the rate of $150 per hour, subject to court approval after notice and opportunity for objection by creditors.

**\*\*END OF MEMORANDUM\*\***

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | John C. Elstead, Esq.<br>The Elstead Law Firm |
| 3 | 7460 Woodrow Dr.<br>Oakland, CA 94611 |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**MEMO RE BOHANNON MOTION**