

**Signed and Filed: October 07, 2010**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 09-31130 TEC |
| ONE VISION PARK, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**MEMORANDUM RE MOTION FOR STAY PENDING APPEAL FILED BY
OHAYON INVESTMENTS, LLC AND MICHAEL OHAYON**

On September 10, 2010, the court held a hearing on the joint Motion filed by Ohayon Investments, LLC and Michael Ohayon for a stay pending appeal of three orders entered on July 12, 2010: (1) an order denying Ohayon's motion for reconsideration of the Order Disallowing Claim No. 22; (2) an order denying Ohayon Investment LLC's motion for reconsideration of the Order Disallowing Claim No. 36; and (3) an order denying the motion of Ohayon Investments, LLC to excuse and permit the late filing of claim no. 36. Peter W. Ito appeared for Debtor. Christopher D. Kuhner appeared for the Creditors Committee. Michael Ohayon

MEMO RE MOTION FOR STAY
PENDING APPEAL

-1-

appeared in pro per and for Ohayon Investments, LLC. Arlo Smith, an unsecured creditor, appeared in pro per.

Upon due consideration, and for the reasons stated below, the court denies the motion for stay pending appeal, notwithstanding the possibility of irreparable harm to Ohayon Investments, LLC and Michael Ohayon, because these claimants have a very small chance of prevailing on appeal. This memorandum shall constitute the court's findings of fact and conclusions of law.

**FACTS UNDERLYING CLAIM NO. 36 (FINDER'S FEE)**

In January 2009, Ohayon Investments, LLC (the LLC) and Debtor One Vision Park, Inc. (OVP) executed a prepetition agreement entitling the LLC to a ten percent finder's fee if the LLC introduced an investor to OVP that resulted in an investment in OVP.

On April 30, 2009, OVP filed a petition under chapter 11 of the Bankruptcy Code.

On August 4, 2009, Debtor OVP filed, and served upon creditors including Michael Ohayon, an application to employ NAI BT as Debtor's exclusive agent to market and sell Debtor's primary asset: an option to purchase 1,311 acres in Solano County (the Property). On November 10, 2009, the court signed an order granting Debtor's application to employ NAI BT as its real estate broker. The court later awarded NAI BT compensation in the sum of $255,000 for its services regarding the sale of the Property.

The administrative claims bar date fixed by the court expired on December 18, 2009. On January 15, 2010, the LLC filed claim no. 36, asserting an administrative claim in the sum of $850,000[1] for

---

[1] $850,000 is ten percent of the sale price of the Property.

**MEMO RE MOTION FOR STAY PENDING APPEAL**

-2-

allegedly finding the buyer that purchased the Property from Debtor in the chapter 11 case.

On June 3, 2010, this court entered an order denying claim number 36: (1) because the LLC was seeking compensation for professional services governed by section 327(a) of the Bankruptcy Code and the court had not appointed the LLC as a professional; and (2) because the court could not appoint the LLC retroactively, because the LLC was not disinterested due to the large, pre-petition claim filed against the estate by the LLC's principal, Michael Ohayon.

On July 12, 2010, the court entered an order denying the LLC's motion for reconsideration of the order denying claim no. 36 and an order denying the LLC's motion to excuse the untimeliness of claim no. 36, on the basis that the LLC had not established either that it failed to receive adequate notice of the bar date or that its failure timely to file claim no. 36 was the result of excusable neglect. The order denying the claim as an untimely administrative claim also allowed claim no. 36 in full as a tardily-filed general unsecured claim.

On July 23, 2010, the LLC filed a notice of appeal regarding the orders entered on July 12, 2010 regarding claim no. 36.

**FACTS UNDERLYING CLAIM NO. 22 (IMPROPER TRANSFER OF SHARES)**

In March 2009, Michael Ohayon (Ohayon) obtained a $2.8 million state-court judgment against David Papera, a founder and officer of Debtor OVP. On March 13, 2009, Papera caused the Usdi Trust, a revocable trust Papera established for the benefit of his children, to transfer 5,250 OVP shares to the Walela Trust, a revocable trust created by Elizabeth Papera (David's ex-wife) for the benefit of Papera's son. On March 17, 2009, David Papera caused the board of

directors of OVP to approve the transfer of shares from the Usdi Trust to the Walela Trust.

On April 22, 2009, Ohayon attempted to enforce his judgment against the OVP shares of the Usdi Trust.  This enforcement effort was unsuccessful, because the Usdi Trust had already transferred the shares to the Walela Trust.

Ohayon timely filed claim no. 22 against Debtor OVP, seeking damages of $2.8 million, based on the OVP board's March 13, 2009 ratification of the stock transfer, which Ohayon claimed constituted participation by OVP in a fraudulent transfer of the shares by David Papera.

On June 3, 2010, this court entered a memorandum and order denying claim no. 22, on the grounds that Papera's transfer of OVP shares from the Usdi Trust to the Walela Trust was effective without the approval of OVP's board.  The court determined that the transfer was not subject to the right of first refusal contained in Debtor's January 2005 bylaws, because in November 2008[2] the board had acted within its powers in adopting an exception to OVP's right of first refusal for transfers of stock from a shareholder to a trust created for the benefit of a lineal descendant of that shareholder.

The memorandum decision also noted that even if the OVP board's action regarding the share transfer was wrongful, the transfer caused Ohayon no damage, because at the time they were transferred, the shares were worthless.  The court noted that the chapter 7 trustee in the bankruptcy case filed by David Papera had

---

[2] The memorandum decision incorrectly stated that the stock-purchase agreement was adopted in November 2007.  This mistake was not material to the court's decision, because the stock-purchase agreement was adopted prior to the share transfer in 2009.

**MEMO RE MOTION FOR STAY PENDING APPEAL**

filed an action to avoid the March 13, 2009 transfer, but later dismissed the action on the basis that it appeared the OVP shares had little or no value. The court also noted that the transfer occurred shortly before OVP filed its chapter 11 case, that OVP's assets have been liquidated in that case, and that the proceeds of those assets are insufficient to pay claims, leaving no estate assets to distribute to shareholders.

**LAW**

Federal Rule of Civil Procedure 8005 provides in relevant part that a "bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." To obtain a stay pursuant to Rule 8005, the appellant must prove: (1) a likelihood of success on the merits of the appeal; (2) irreparable injury absent the issuance of a stay; (2) no substantial harm to the appellee if a stay is issued; and (4) no harm to the public interest as a result of issuance of a stay. In re Irwin, 338 B.R. 839, 840 (E.D. Cal. 2006). The appellant bears the burden of proving these four elements. Id.

(1) Likelihood of success on the merits

    (a) Claim No. 36

The LLC has an exceptionally small chance of establishing an administrative priority claim for a finder's fee, because such a fee is payable only to a professional appointed by the court, because the LLC had not been appointed by the court as a professional. The court declined to appoint the LLC as a professional retroactively because the LLC was not disinterested,

and because the court had already appointed a real estate broker to perform the substantially the same services offered by the LLC.

The LLC also has an exceptionally small chance of establishing that its claim should be treated as a timely filed general unsecured claim, because the LLC's principal received adequate notice of the general unsecured claims bar date.

(b) Claim No. 22

Ohayon has only a small chance of establishing the merits of his conspiracy claim, because OVP's board of directors acted in conformity with the governing bylaws in authorizing the family-transfer exception to the restriction on share transfers, and because the share transfer at issue came within that family-transfer exception. Even if an appellate court were to conclude that this court's interpretation of the bylaws were unsound, however, Ohayon will not be able to prove damages caused by the share transfer, because the transfer occurred shortly before OVP filed its bankruptcy petition, and because the bankruptcy case has shown the shares to have no value. Thus, Ohayon was deprived only of the right to attach worthless shares of stock.

(2) Irreparable Injury

If the LLC and Ohayon were to establish entitlement to an administrative priority claim and entitlement to damages caused by the alleged conspiracy, the absence of a stay pending appeal would cause the LLC and Ohayon irreparable harm, because the appeal would be moot. Because of the possibility of irreparable harm, this court ordinarily would stay the distribution on other claims pending resolution of the appeals regarding the Ohayon and LLC claims. The court declines to issue a stay in this case due to the extreme weakness of the administrative claim, the weakness on the

**MEMO RE MOTION FOR STAY
PENDING APPEAL**

merits of the conspiracy claim, the exceptionally weak case for damages on the conspiracy claim, the large dollar amounts of the administrative and conspiracy claims ($3.65 million), and the substantial resulting harm to creditors with allowed claims that would be caused by a delay in the distribution on their allowed claims.

(3) Balance of Hardships

Balancing the mootness of the appeal against the delay in payment to holders of allowed claims, the court determines that the delay in payment to holders of allowed claims is not justified where the merits of the appeal are so weak.

(4) Public Interest

The only significant public interest in this case is the prompt payment of legitimate claims, and does not weigh in favor of a stay pending appeal.

**\*\*END OF MEMORANDUM\*\***

1 COURT SERVICE LIST

2 John C. Elstead, Esq.
  The Elstead Law Firm
3 7460 Woodrow Dr.
  Oakland, CA 94611
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMO RE MOTION FOR STAY
PENDING APPEAL**